IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIP J. KENNEDY,
    Plaintiff,

v.                                        Case No. 3:11cv454/MCR/CJK

JEAN PIERRE SAKEY, et al.,
    Defendants.
_____

ORDER and
REPORT AND RECOMMENDATION

      This cause is before the court upon plaintiff filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1), and a motion for leave to proceed *in forma pauperis* (doc. 2). For the limited purpose of dismissal of this action, leave to proceed *in forma pauperis* shall be granted.

      Since plaintiff is proceeding *in forma pauperis*, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the

complaint states a claim upon which relief may be granted, the court accepts all factual allegations in the complaint as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Plaintiff's complaint names three defendants: Jean Pierre Sakey, the court-appointed guardian (hereinafter "Guardian") of plaintiff's mother Simone Edrey Sake (hereinafter "Ward"); Lois Lepp, the Guardian's attorney; and Nicholas Geeker, a judge in the probate division of the Circuit Court for Escambia County, Florida. (Doc. 1, p. 1). Plaintiff claims the defendants violated his rights "to life, liberty and most of all [his] pursuit of happiness" on December 17, 2009, when the Guardian and his attorney, Ms. Lepp, obtained an order from Judge Geeker revoking all contact and visitation between plaintiff and the Ward. (Doc. 1, p. 4 and Attach. 1). Plaintiff alleges that the Guardian and his attorney falsely misrepresented to Judge Geeker that the Ward became agitated, upset and aggressive by contact with plaintiff. (*Id.*, p. 3).

As relief, plaintiff requests that the order revoking contact be set aside and that the defendants pay him compensatory damages.

Even liberal construction of the complaint shows there is no basis for relief under § 1983. In order to prevail in a civil rights action under § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or federal law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state." *Id.* at 1303. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).

In the instant case, even liberally construing plaintiff's allegations, they do not remotely suggest the kind of action that would subject the private party defendants – Jean Pierre Sakey and Lois Lepp – to § 1983 liability as "state actors." It is

apparent from plaintiff's allegations that defendant Jean Pierre Sakey, apparently the son of the Ward,[1] was acting as a private party in the guardianship proceeding. Furthermore, defendant Lepp was acting as attorney for defendant Jean Pierre Sakey, a private party, when she filed the petition for revocation of contact, presented evidence in connection with that petition, and otherwise appeared on behalf of her client. Therefore plaintiff's claims against these defendants must be dismissed. *See, e.g., Harvey v. Harvey*, 949 F.2d 1127, 1132-33 (11th Cir. 1992) (dismissing involuntarily committed patient's § 1983 claims against her husband and his attorney for allegedly conspiring to have patient committed to private mental hospital; husband and his attorney did not become "state actors" by allegedly conspiring with judge to secure guardianship order, even though patient alleged that lawyer and husband provided judge with false information).

Furthermore, plaintiff cannot recover against Judge Geeker. Judges acting in their judicial capacity are absolutely immune from damages suits. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 105 S. Ct. 2806, L. Ed. 2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

---

[1] *See Kennedy v. Glassman*, Case Number 3:11cv51, doc. 1, p. 7 and doc. 5, p. 4.

Whether an act by a judge is a "judicial" one relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 11 (citing *Stump*, 435 U.S. at 362); *see also Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir. 1996). The relevant inquiry is the "nature" and "function" of the act, not the "act itself." *Mireles*, 502 U.S. at 13 (citing *Stump*, 435 U.S. at 362).

Here, the conduct of which plaintiff complains, specifically, Judge Geeker's entering an order revoking contact and visitation between plaintiff and the Ward, are quintessential judicial functions. Furthermore, plaintiff was dealing with Judge Geeker in his judicial capacity. Plaintiff's allegation that Judge Geeker relied on erroneous information in entering his order does not deprive Judge Geeker of judicial immunity, because a judge is not deprived of absolute immunity from liability for damages because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority. *Stump*, 435 U.S. at 355–57; *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice). Rather, a judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known that he was acting in such a manner. *Simmons*, 86 F.3d at 1084-85 (citing *Stump*, 435 U.S. at 356–57). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946–47 (11th Cir. 1985) (citations omitted). For the purposes of immunity, a judge's jurisdiction is construed broadly. *Stump*, 435 U.S. at 357. Thus, where a court has some subject matter

jurisdiction, there is sufficient jurisdiction for immunity purposes. *Harper v. Merckle*, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction). Here, plaintiff does not allege, nor do the facts suggest, that Judge Geeker acted in the complete absence of jurisdiction to hear the guardianship matter. Therefore, judicial immunity shields Judge Geeker from suit here.

Lastly, plaintiff is not entitled to the declaratory or injunctive relief he seeks. To receive declaratory or injunctive relief, a plaintiff must establish a violation, a serious risk of continuing irreparable injury if the relief is not granted, and an absence of an adequate remedy at law. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). The plaintiff here has adequate remedies at law. The order revoking plaintiff's contact and visitation with the Ward expressly provides that it will remain in full force and effect until further order of the court, and that it can be modified if plaintiff, through a verified pleading filed by a Florida licensed attorney, after evidentiary hearing, can establish that the order should be rescinded in whole or in part. (Doc. 1, Attach. 1). Further, any final order in the guardianship case that is adverse to plaintiff may be appealed under Florida law to an appropriate state appellate court. *See* Fla. Prob. R. 5.100; Fla. R. App. P. 9.110(a)(2). Therefore, plaintiff's request for declaratory or injunctive relief must be dismissed.

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment

would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). In this case, amendment would be futile; therefore, dismissal is appropriate.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED for the limited purpose of dismissing this action.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted, and under 28 U.S.C. § 1915(e)(2)(B)(iii), because it seeks monetary relief against a defendant who is immune from such relief.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 30th day of September 2011.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:11cv454/MCR/CJK*